146

Lewis P. Dimon *et al. vs.* Charles D. O'Connor.

JULY 9, 1954.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is an action of trover and conversion of baled hay. In the superior court a jury returned a verdict for the plaintiffs in the sum of $2,340.  The defendant's motion for a new trial was heard and denied.  The case is before us on his exceptions to the denial of that motion, to rulings during the trial, and to the charge.

The evidence is in serious conflict and reasonably open to different and opposite conclusions.  It appears that plaintiffs, who entered into a joint venture for the transaction in dispute, are farmers in the town of South Kings-

town in this state. The defendant is the owner of an estate commonly known as Canonchet Farm in the neighboring town of Narragansett. Upon that estate there was a large empty barn, the doors of which were seldom closed. On June 28, 1951 plaintiffs bought the standing hay on the premises from defendant's agent Alex Beattie, who led them to believe that defendant would not object to the storage of the hay in the barn until they could move it to their respective places. The plaintiffs never heard anything to the contrary either from Beattie or defendant. In the circumstances plaintiffs proceeded to cut and bale the hay which they stored in the barn as the work progressed. By September it was completely filled with some 2,472 bales, each averaging about 60 pounds in weight. In making up their own claim plaintiffs fixed the value of the hay at $35 a ton, which is the only testimony on that point in the case.

The controlling question before us is whether defendant or someone at his direction removed the hay from the barn without the consent of plaintiffs. On this point there was considerable evidence from defendant and his witnesses to the effect that between September and November he knowingly allowed a large amount of hay to be taken by his niece Mary Lou O'Connor Quinn under circumstances that require but brief mention. Mary Lou, as she is mostly called throughout the testimony, was interested in horse racing with trotters. She kept her horses in a stable in Roger Williams Park in the city of Providence. Having seen her uncle's barn filled to capacity with hay, she asked him if she could take it, which request he readily granted. Thereafter Henry F. DeGrotto at her direction and using her van for the transportation of horses removed a great amount of hay from the barn to the stable in Providence. At the end of such removals only about 125 or 130 bales of hay were left in the barn, which hay, according to plaintiffs, was scattered or otherwise damaged beyond usefulness through mishandling.

The defendant's first, second and third exceptions relate to the denial of his motion for a directed verdict. The action was in trover and conversion with a declaration in two counts. The trial justice in effect directed a verdict for him on the first count when he instructed the jury to base their verdict "only on the second count." Since the ruling was in his favor he clearly has no ground for complaint in this court under his first exception as to the first count.

The second exception challenges the sufficiency of the second count in that it failed to allege specifically the time and place of the conversion, and further that there was no evidence that the hay ever came into the "possession" of defendant, or that plaintiffs demanded its return before bringing this case. As to the first ground, it is true, as he argues, that a plaintiff in an action at law must allege sufficient facts in the declaration to support his cause of action so that the defendant may prepare his defense and meet the facts alleged with appropriate evidence. *F. W. Woolworth Co.* v. *Sunlight Chemical Corp.,* 63 R. I. 384. Strictly speaking, the time and place of the conversion ordinarily should be set forth. But when, as here, it clearly appears that defendant filed no demurrer but elected to proceed with the trial of the case on its merits in the absence of such allegations, and where the evidence shows that he was not misled or prejudiced in any way by such omissions, the strictness of pleading for which he contends is too technical for him to derive any benefit therefrom.

The second ground upon which defendant rests the exception under discussion is also untenable. After setting out in conventional language the usual allegations to maintain an action in trover, the count concludes with the statement that defendant "converted and/or disposed of said property to his own use," which use was in allowing Mary Lou to take as much of plaintiffs' hay in the barn as she desired. The conflicting evidence was clearly open to the conclusion that

defendant, knowing or having reasonable ground to believe that the hay belonged to plaintiffs, exercised dominion over it in exclusion or in defiance of their rights. In such a situation no demand for a return of the hay was necessary as a prerequisite to the bringing of an action in trover. *Terrien* v. *Joseph,* 73 R. I. 112.

Under his third exception defendant contends that in any event the court should have directed a verdict against him for only $140. This contention is contrary to the overwhelming weight of the evidence. The fourth, fifth, sixth, seventh and eighth exceptions, which question the correctness of the charge, have been considered and found to be without merit.

The ninth and last exception is directed to the refusal of the trial justice to grant defendant's motion for a new trial. An immaterial remark in the course of a decision from the bench on that motion, which requires no mention here, is made the sole basis for his contention that the trial justice "completely lost sight of the facts * * *." In our judgment when the decision is fairly read in the light of all the testimony and the credibility of the witnesses, especially that of defendant, the trial justice did not overlook or misconceive any material evidence which led him to conclude that the "great preponderance of the evidence" showed that defendant "did exercise dominion over the hay, disregarding the plaintiffs' title to it." Since we cannot say that he was clearly wrong in so deciding, his decision with reference to defendant's liability was without error.

However, the damages awarded by the jury and approved by the trial justice are excessive by $219, which represents the total of two sums, $82.50 and $136.50 respectively. The first of those sums relates to the difference between the amount of the verdict, $2,340, and the plaintiffs' claim of $2,257.50 as set forth in their bill of particulars, to which latter sum both the jury and the court were thereafter

limited in making their respective findings on the question of damages. *Siravo* v. *C. J. Ehrlich, Inc.,* 60 R. I. 150. The trial justice approved the verdict in the amount fixed by the jury, saying that the difference between that sum and the one stated in plaintiffs' bill of particulars probably represented the addition of interest to their claim. In this there was error, as the matter of interest was not mentioned by him in the charge to the jury, nor was any such request ever made by the plaintiffs.

The sum of $136.50 above mentioned represents the market value of the hay left in the barn. That hay never came into the possession of the defendant, directly or indirectly, so as to make him liable in an action of trover and conversion. The most informative testimony as to the amount of such hay was given by defendant's witness Henry F. DeGrotto who estimated it to be approximately 130 bales. The plaintiffs testified that each bale averaged about 60 pounds in weight and that hay was then selling at $35 a ton. Therefore the sum of $136.50 is the result of a computation on the basis of the foregoing testimony.

The defendant's exceptions numbered 1 to 8 inclusive are overruled, and exception 9 is sustained on the ground that the damages are excessive for the reason and to the extent above set forth. The case is remitted to the superior court for a new trial unless the plaintiffs shall file on or before July 19, 1954 in the office of the clerk of the superior court a remittitur of all of the verdict in excess of $2,121. If such remittitur is filed, the superior court is directed to enter judgment on the verdict as reduced by the remittitur.

*William H. Leslie, Jr.,* for plaintiffs.

*Charles A. Kiernan,* for defendant.